UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

        Plaintiff,

   - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

        Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

07 CIV 6421 (PAC)(THK)

Defendants BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint and refer all matters of law to the Court.

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law

to the Court.

FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

SIXTH: Burlington Northern Santa Fe Corporation is not a proper party to this action.

### SECOND AFFIRMATIVE DEFENSE

SEVENTH: Any injuries suffered by plaintiff, its agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

### THIRD AFFIRMATIVE DEFENSE

EIGHTH: Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to its own negligence or that of its agents or principals.

### FOURTH AFFIRMATIVE DEFENSE

NINTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

### FIFTH AFFIRMATIVE DEFENSE

TENTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

### SEVENTH AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff has not fully complied with Item 64 and other provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

### EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: There is a per package maximum limitation provision.

### NINTH AFFIRMATIVE DEFENSE

FOURTEENTH: This action is time barred.

### TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The Amended Complaint fails to state a cause of action upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

### TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

### THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: If the shipment referred to in the Amended Complaint suffered any

loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH:  Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:  Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

### SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment.  In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading

and/or securement based upon the provisions of applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

## TWENTIETH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Answering Defendants are not subject to personal jurisdiction in this forum.

## FIRST CROSS CLAIM

TWENTY-SIXTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-SEVENTH: That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-EIGHTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

WHEREFORE, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
September 10, 2007

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ 9302)
Attorneys for Defendants
BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO: KINGSLEY KINGSLEY & CALKINS
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, New York 11801
(516) 931-0064

447879.1 DocsNY

6

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

      **Jennifer Turro**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at ROCKVILLE CENTRE, NEW YORK.

      That on the 11th day of September 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

      KINGSLEY KINGSLEY & CALKINS
      Attorneys for Plaintiff
      91 West Cherry Street
      Hicksville, New York 11801
      (516) 931-0064

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                            _____
                                                JENNIFER TURRO

Sworn to before me this
11th day of September, 2007

_____
Notary

MIRIAM DEIKUN
Notary Public, State of New York
No. 01DE6141377
Qualified in Queens County
Commission Expires February 21, 20_10_

447879.1 DocsNY