UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

           Plaintiff,

   - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

           Defendants.
-----------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

07 CIV 6421 (PAC)(THK)

Defendants NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC. ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

SECOND: Defendants deny the truth of each and every allegation contained in paragraph "2" of the Amended Complaint

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law to the Court.

FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

SIXTH: Nippon Yusen Kaisha and NYK Line (North America) are not proper parties to this action.

## SECOND AFFIRMATIVE DEFENSE

SEVENTH: Any injuries suffered by plaintiff, its agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

## THIRD AFFIRMATIVE DEFENSE

EIGHTH: Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to its own negligence or that of its agents or principals.

## FOURTH AFFIRMATIVE DEFENSE

NINTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

## FIFTH AFFIRMATIVE DEFENSE

TENTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

### SEVENTH AFFIRMATIVE DEFENSE

TWELFTH: There is a per package maximum limitation provision.

### EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: This action is time barred.

### NINTH AFFIRMATIVE DEFENSE

FOURTEENTH: The Amended Complaint fails to state a cause of action upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

### ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

### TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: If the shipment referred to in the Amended Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH: Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

### FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH: In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment. In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

### SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

### EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

### NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not subject to personal jurisdiction in this forum.

### TWENTIETH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: This action should be dismissed based upon improper venue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH: This action should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

### FIRST CROSS CLAIM

TWENTY-SEVENTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-EIGHTH: That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-NINTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
       September 24, 2007

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
   Ronald E. Joseph (RJ 9302)
Attorneys for Defendants
Nippon Yusen Kaisha and NYK Line (North America)
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO: KINGSLEY KINGSLEY & CALKINS
     Attorneys for Plaintiff
     91 West Cherry Street
     Hicksville, New York 11801
     (516) 931-0064

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

      That on the 24th day of September, 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

      Kingsley Kingsley & Calkins
      91 West Cherry Street
      Hicksville, NY 11801

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

      _____
                                    Miriam Deikun

Sworn to before me this
24th day of September 2007

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010