11740-PAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
**GREAT AMERICAN INSURANCE** :
**COMPANY OF NEW YORK,** :
                              **Plaintiff,** :
       v. :
       :
**ADVANCE OCEAN INC., NIPPON YUSEN** :
**KAISHA, NYK (NORTH AMERICA) INC.,** :   **07 CIV 6421 (PAC) (THK)**
**BURLINGTON NORTHERN SANTA FE** :
**CORPORATION, BNSF RAILWAY** :
**COMPANY, THE BURLINGTON** :
**NORTHERN AND SANTA FE RAILWAY** :
**COMPANY,** :
                           **Defendants.** :
----------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF ADVANCE OCEAN INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, FOR LACK OF PERSONAL JURISDICTION**

JUNGE & MELE, LLP
*ATTORNEYS FOR DEFENDANT*
*ADVANCE OCEAN INC.*
29 BROADWAY
NEW YORK, NY 10006
(212) 269-0061

OF COUNSEL,
ARMAND P. MELE
PETER A. JUNGE

**PRELIMINARY STATEMENT**

Defendant, Advance Ocean Inc. ("Advance"), submits this memorandum of law in support of its motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted and, alternatively, for lack of personal jurisdiction.

Plaintiff is a subrogated cargo underwriter which sued the Defendants as "operators of a railroad" and "common carriers" governed by 49 U.S.C. 11706. However, Advance is neither a railroad operator nor a common carrier. It is merely an ocean transportation intermediary which booked the cargo for marine transport on behalf of a freight forwarder representing Plaintiff's assured. The Amended Complaint therefore fails to state a claim upon which relief can be granted.

There is also no personal jurisdiction over Advance. It is a California corporation which does not do business in New York, and there is also absolutely no nexus between the state and any of the transactions or occurrences underlying the Plaintiff's claim. The Amended Complaint must be dismissed.

**STATEMENT OF FACTS**

Plaintiff commenced this lawsuit as insurer/subrogee of its assured, Maclean Power Systems ("Maclean"), for alleged damage to a cargo of telecommunications insulators. The insulators were allegedly damaged as the result of a train derailment somewhere between Illinois and California while being transported by defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company, and the Burlington

Northern and Santa Fe Railway Company (hereafter collectively "BNSF").

The Amended Complaint alleges that the defendants, including Advance, are liable as "operators of a railroad doing business as common carriers by rail in interstate commerce..." However, Advance is not a railroad operator.[1] It is a registered California corporation located in California which is licensed as an Ocean Transportation Intermediary by the Federal Maritime Commission. As an Ocean Transportation Intermediary, Advance dispatches shipments from the United States by booking space with ocean common carriers and by preparing shipping documents on behalf of its customers.

Advance does not maintain either an office or a single employee in New York. It is not licensed or authorized to do business in New York, and does not have any bank accounts or property within the state. It does not maintain a telephone listing in New York, and it does not promote its interests through agents or other individuals located in New York.

Advance's only involvement with the shipment at issue was that it booked the cargo for ocean transport on behalf of, and at the request of, Maclean's Illinois freight forwarder, Berardino & Associates ("Berardino"). On June 7, 2006, Advance received an email from an individual named Bob Mohn who stated that he worked for Berardino and

---

[1]The facts set forth herein are supported by the Declaration of Advance's Director, Esther Helen Lee, submitted herewith. Exhibits attached thereto are referenced herein as "*Lee Exhibit ____*."

that he was looking to ship a cargo of telecommunications insulators from Chicago to Bangkok on behalf of Maclean. *LeeExhibit A*.

On June 9, 2006, Advance arranged to have the cargo shipped with Defendant NYK Line (North America) Inc. (" NYK"), a global ocean carrier. NYK issued Advance a "Booking Fax Confirmation" which indicated that NYK would transport the insulators in seven containers from a rail park in Elwood, Illinois, to the port of Los Angeles, California, where the containers would then be loaded onto a NYK merchant container vessel for carriage to Laem Chabang, Thailand. *Lee Exhibit B*. On or about June 12, 2006, Advance issued a "Booking Confirmation" which identified Berardino as the "Shipper," and "Nippon Yusen Kaisha," *i.e.* NYK, as the "Carrier." *Lee Exhibit C*. NYK then arranged for the rail transport with the BNSF defendants, and Berardino apparently arranged to have the cargo transported from Maclean's facility in Franklin Park, Illinois to BNSF's Joliet Logistics rail park in Ellwood, Illinois.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST ADVANCE UNDER 49 U.S.C. 11706

The only cause of action Plaintiff asserts against Advance is a claim under 49 U.S.C. §11706, but Advance cannot be held liable under that statute because it was not a "rail carrier providing transportation or service." A "rail carrier" is defined as a "person

providing common carrier railroad transportation for compensation..." *49 U.S.C. §10102(5)*. Liability imposed under 49 U.S.C. §11706 "is for the actual loss or injury to the property caused by (1) the receiving rail carrier; (2) the delivering rail carrier; or (3) another rail carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading." *49 U.S.C. §11706 (a)*. Advance only booked the cargo for ocean transport with NYK, and so does not fall into any of these categories of rail carriers.

A complaint should be dismissed if there is no doubt that the plaintiff is unable to prove a set of facts which would entitle him to relief. *Schnall v. Marine Midland Bank*, 225 F.3d. 263, 266 (2d Cir. 2000), *citing Hayden v. County of Nassau*, 180 F.3d 42, 47 (2d Cir. 1999). Although consideration on a motion to dismiss is ordinarily limited to the face of the complaint and the documents either attached to the complaint or incorporated by reference, the court may also consult other documents if they are integral to plaintiff's claims and the plaintiff had notice of that information. *See, e.g., Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48* (2d Cir. 1991).

Here, Plaintiff's only conceivable predicate for any potential liability against Advance is the booking confirmations which Advance issued to Maclean's freight forwarder and which NYK issued to Advance, both showing clearly that NYK was the carrier which would transport the cargo. As such, it is appropriate for this court to review

these booking confirmations, as well as the email from Maclean's freight forwarder requesting Advance's involvement in the transaction in the first place. *Schnall v. Marine Midland Bank,* 225 F.3d. 263, 266 (2d. Cir. 2000). Moreover, the court may alternatively convert the motion to one for summary judgment. *Metrokane Inc. v. Wine Enthusiast*, 185 F. Supp.2d. 321 (S.D.N.Y. 2002)**.**

## POINT II

### THERE IS NO PERSONAL JURISDICTION OVER ADVANCE

Advance does not do business in New York, and there is no nexus whatsoever between New York and the transactions and occurrences underlying the Amended Complanit. The shipment was to proceed by rail from Illinois to California and then by sea to Thailand. The train derailed nowhere near New York, but somewhere between Chicago and Los Angeles. The shipment was booked by Advance in California at the behest of an Illinois freight forwarder acting on behalf of its Illinois customer. New York's only connection to claim in the Amended Complaint is that it is where Plaintiff elected to bring suit. There is, therefore, no personal jurisdiction over Advance.

In both diversity and federal question cases, federal courts must determine questions of personal jurisdiction in accordance with the laws of the state in which they sit. *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir. 1997). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Grand River*

*Enterprises Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 165 (2d Cir.2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999).

A)      Doing Business- CPLR §301

General personal jurisdiction may be asserted over corporations "doing business" in New York pursuant to CPLR § 301. *See CPLR 301*; *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir. 2000). The statute permits "a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Landoil Resources Corp. v. Alexander & Alexender Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990) (internal quotations omitted) (citations omitted).  Advance does not remotely meet this criteria.

B)      Long Arm Jurisdiction- CPLR §302

In order to be subject to personal jurisdiction pursuant to CPLR 302(a)(1), a defendant must engage in purposeful business activities or transactions in New York and there must be a substantial relationship between the defendant's business activities or transactions in this State and the claims asserted in the complaint.  *See Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y. 3d 65, 71 (2006); *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467 (1988); *Courtroom Television Network v. Focus Media, Inc.,* 264 A.D.2d 351, 352 (1st Dept 1999).  Since Advance did not engage in  any activity in New York, much less any activity related to the subject transaction, Plaintiff cannot possibly establish long arm jurisdiction.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the court dismiss the Amended Complaint against Advance with prejudice based upon either, Fed. R. Civ. P. Rule 12(b)(6) or Rule 56, or in the alternative, dismiss the Amended Complaint for lack of personal jurisdiction over Advance pursuant to Fed. R. Civ. P. Rule 12(b)(2).

Dated in the City of New York on February 1, 2008

                                              Respectfully submitted,

                                              JUNGE & MELE, LLP
                                              *Attorneys for Defendant - Advance Ocean Inc.*

                                              /s/ Armand P. Mele
By_____
                                              Armand P. Mele (AM-7378)
                                              29 Broadway
                                              New York, NY 10006
                                              (212) 269-0061