# EXHIBIT A

HMK/jb GA 7921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

                              Plaintiff,                    07 CIV 6421 (PAC)(THK)
                                                            ECF CASE

          -against-

ADVANCE OCEAN INC., NIPPON YUSEN                **AMENDED**
KAISHA, NYK LINE (NORTH AMERICA)               **COMPLAINT**
INC., BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA
FE RAILWAY COMPANY

                              Defendants.
------------------------------------------------------X

          Plaintiff by its attorneys KINGSLEY KINGSLEY & CALKINS alleges for its

complaint herein:

          1.     Plaintiff is an insurer existing under the laws of the State of New

York which provided insurance coverage herein.  Plaintiff's assured, Maclean

Power Systems, was the owner of a cargo of insulators shipped on defendants'

railroad.

          2.     Defendants are operators of a railroad doing business as common

carriers by rail in interstate commerce, and governed by 49 U.S.C. 11706.

          3.     This Court has jurisdiction under 28 U.S.C. 1337.

          4.     Plaintiff sues for damage to a cargo of insulators moving from

Elwood, Illinois to Los Angeles shipped in containers TRIU535326-1;

NYKU632090-5; TRIU550468-7; TRLU6390080; NYKU602297-9 and

NYKU630810-8, delivered for shipping at Elwood July 12, 13, 14, 2006.

5.    The damages suffered total $165,053.04, which was paid by

plaintiff under its policy of insurance, and for which plaintiff is duly

subrogated.

WHEREFORE, plaintiff demands judgment in the amount of

$165,053.04 plus interest from the date of loss.

Dated:   August 21, 2007

KINGSLEY KINGSLEY & CALKINS
Attorneys for Plaintiff

BY:

HAROLD M. KINGSLEY
91 West Cherry Street
Hicksville, New York 11801
(516) 931-0064
hmk@kingsleyandkingsley.com

HMK/jb GA 7921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

                          Plaintiff,                    07 CIV 6421 (PAC)(THK)
                                                         ECF CASE

      -against-

ADVANCE OCEAN INC., NIPPON YUSEN          **AMENDED**
KAISHA, NYK LINE (NORTH AMERICA)          **COMPLAINT**
INC., BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA
FE RAILWAY COMPANY

                       Defendants.
--------------------------------------------------------X

      Plaintiff by its attorneys KINGSLEY KINGSLEY & CALKINS alleges for its

complaint herein:

      1.      Plaintiff is an insurer existing under the laws of the State of New

York which provided insurance coverage herein.  Plaintiff's assured, Maclean

Power Systems, was the owner of a cargo of insulators shipped on defendants'

railroad.

      2.      Defendants are operators of a railroad doing business as common

carriers by rail in interstate commerce, and governed by 49 U.S.C. 11706.

      3.      This Court has jurisdiction under 28 U.S.C. 1337.

      4.      Plaintiff sues for damage to a cargo of insulators moving from

Elwood, Illinois to Los Angeles shipped in containers TRIU535326-1;

NYKU632090-5; TRIU550468-7; TRLU6390080; NYKU602297-9 and

NYKU630810-8, delivered for shipping at Elwood July 12, 13, 14, 2006.

    5.    The damages suffered total $165,053.04, which was paid by plaintiff under its policy of insurance, and for which plaintiff is duly subrogated.

    WHEREFORE, plaintiff demands judgment in the amount of $165,053.04 plus interest from the date of loss.

Dated:  August 21, 2007

                KINGSLEY KINGSLEY & CALKINS
                Attorneys for Plaintiff


                BY:_/S/_____
                  HAROLD M. KINGSLEY
                  91 West Cherry Street
                  Hicksville, New York 11801
                  (516) 931-0064
                  hmk@kingsleyandkingsley.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

     Plaintiff,

   - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

     Defendants.
-------------------------------------------------------------------X

**ANSWER TO AMENDED
COMPLAINT**

07 CIV 6421 (PAC)(THK)

  Defendants BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

  FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

  SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint and refer all matters of law to the Court.

  THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law

447879.1 DocsNY

to the Court.

FOURTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

SIXTH: Burlington Northern Santa Fe Corporation is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

SEVENTH:  Any injuries suffered by plaintiff, its agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

## THIRD AFFIRMATIVE DEFENSE

EIGHTH:  Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to its own negligence or that of its agents or principals.

## FOURTH AFFIRMATIVE DEFENSE

NINTH:  Any injuries suffered by plaintiff were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

## FIFTH AFFIRMATIVE DEFENSE

TENTH:  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff has not fully complied with Item 64 and other provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

## EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: There is a per package maximum limitation provision.

## NINTH AFFIRMATIVE DEFENSE

FOURTEENTH: This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The Amended Complaint fails to state a cause of action upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: If the shipment referred to in the Amended Complaint suffered any

loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was

caused by acts or omissions by a third-party or a party over whom answering defendants have no

control.

### FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH:  Answering defendants are not guilty of any negligence which was

a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:  Any accident, damages and injuries alleged to have occurred was

solely due to the negligence of plaintiff or others acting on its behalf.

### SIXTEENTH  AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject

shipment, when whatever shipments were received for transportation by answering defendants was

accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and

all applicable transportation contracts, classifications and tariffs, rules and regulations set forth

herein, and the rules, regulations and practices of answering defendants, which together form the

contract of carriage respecting the transportation of such shipment.  In the event that answering

defendants handled the subject shipment, answering defendants duly performed all the terms and

conditions of said contract of carriage on its part to be performed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  In the event that answering defendants handled the subject

shipment, then to the extend that answering defendants did not load, count or secure the subject

shipment, they cannot be held liable for any damage to the shipment caused by improper loading

and/or securement based upon the provisions of applicable law.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

TWENTY-THIRD:  To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

## TWENTIETH  AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Answering Defendants are not subject to personal jurisdiction in this forum.

## FIRST CROSS CLAIM

TWENTY-SIXTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-SEVENTH:  That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment.  The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-EIGHTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
       September 10, 2007

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By:_____
       Ronald E. Joseph (RJ 9302)
Attorneys for Defendants
BURLINGTON NORTHERN SANTA FE CORPORATION,
BNSF RAILWAY COMPANY, THE BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800


TO:    KINGSLEY KINGSLEY & CALKINS
       Attorneys for Plaintiff
       91 West Cherry Street
       Hicksville, New York 11801
       (516) 931-0064

447879.1 DocsNY                           6

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

      **Jennifer Turro**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at ROCKVILLE CENTRE, NEW YORK.

      That on the 11th day of September 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

                  KINGSLEY KINGSLEY & CALKINS
                  Attorneys for Plaintiff
                  91 West Cherry Street
                  Hicksville, New York 11801
                  (516) 931-0064

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                            _____
                                          JENNIFER TURRO

Sworn to before me this
11th day of September, 2007

_____
      Notary

          MIRIAM DEIKUN
      Notary Public, State of New York
          No. 01DE6141377
        Qualified in Queens County
    Commission Expires February 21, 20_10_

## NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**LANDMAN CORSI BALLAINE & FORD P.C.**
*Attorneys for*

*Office and Post Office Address*
**120 Broadway**
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for

## NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at

on

at          M.

Dated,

Yours, etc.

**LANDMAN CORSI BALLAINE & FORD P.C.**
*Attorneys for*

*Office and Post Office Address*
**120 Broadway**
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for

---

Index No.  07 Civ. 6421(PAC)(THK)          Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

Plaintiff,

-against-

ADVANCE OCEAN INC., NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Defendants.

## ANSWER TO AMENDED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

**LANDMAN CORSI BALLAINE & FORD P.C.**
*Attorneys for* Defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company
*Office and Post Office Address, Telephone*
**120 Broadway**
NEW YORK, N.Y. 10271-0079
(212) 238-4800

To
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

                   Plaintiff,

    - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

                  Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED
COMPLAINT**

07 CIV 6421 (PAC)(THK)

Defendants NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC. ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

SECOND: Defendants deny the truth of each and every allegation contained in paragraph "2" of the Amended Complaint

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law to the Court.

FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the

448615.1 DocsNY

truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "5"
of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

SIXTH: Nippon Yusen Kaisha and NYK Line (North America) are not proper parties to this
action.

## SECOND AFFIRMATIVE DEFENSE

SEVENTH:  Any injuries suffered by plaintiff, its agents or principals were caused solely by
their own negligence and not by any negligence of the answering defendants.

## THIRD AFFIRMATIVE DEFENSE

EIGHTH:  Any injuries suffered by plaintiff, its agents or principals, were caused, in part,
by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part
of its injuries attributable to its own negligence or that of its agents or principals.

## FOURTH AFFIRMATIVE DEFENSE

NINTH:  Any injuries suffered by plaintiff were not caused by a negligent act or omission
of answering defendants or any individual acting under their direction or control.

## FIFTH AFFIRMATIVE DEFENSE

TENTH:  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged
in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

TWELFTH:  There is a per package maximum limitation provision.

## EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: This action is time barred.

## NINTH AFFIRMATIVE DEFENSE

FOURTEENTH: The Amended Complaint fails to state a cause of action upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: The contract of carriage does not contemplate responsibility for special or consequential damages.  To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: If the shipment referred to in the Amended Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH: Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

## FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH: In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment. In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## SIXTEENTH  AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

TWENTY-THIRD: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

## NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not subject to personal jurisdiction in this forum.

## TWENTIETH  AFFIRMATIVE DEFENSE

TWENTY-FIFTH: This action should be dismissed based upon improper venue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH: This action should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

## FIRST CROSS CLAIM

TWENTY-SEVENTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-EIGHTH: That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment.  The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-NINTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
      September 24, 2007

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By:_____
      Ronald E. Joseph (RJ 9302)
Attorneys for Defendants
Nippon Yusen Kaisha and NYK Line (North America)
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800


TO:    KINGSLEY KINGSLEY & CALKINS
       Attorneys for Plaintiff
       91 West Cherry Street
       Hicksville, New York 11801
       (516) 931-0064

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )


      **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

      That on the 24th day of September, 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

                Kingsley Kingsley & Calkins
                91 West Cherry Street
                Hicksville, NY 11801

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                        _____
                                          Miriam Deikun

Sworn to before me this
24th day of September 2007

Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010

Index No.    07 Civ. 6421(PAC)(THK)    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

Plaintiff,

-against-

ADVANCE OCEAN INC., NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Defendants.

*ANSWER TO AMENDED COMPLAINT and RULE 7.1 STATEMENT*

Signature (Rule 130-1.1-a)

Print name beneath

*Attorneys for*

LANDMAN CORSI BALLAINE & FORD P.C.

*Office and Post Office Address, Telephone*
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

To
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

.......................................................
.......................................................
Attorney(s) for

1500 – Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

*Attorneys for*

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on    M.

at

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

*Attorneys for*

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for

ocsNY

# EXHIBIT D

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

# FORM 10-K

[X] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
FOR THE FISCAL YEAR ENDED DECEMBER 31, 2006

OR

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
FOR THE TRANSITION PERIOD FROM _____ TO _____

COMMISSION FILE NUMBER: 1-11535

**Exact name of registrant as specified in its charter**

## Burlington Northern Santa Fe Corporation

| | |
|---|---|
| **State of Incorporation** | **I.R.S. Employer Identification No.** |
| Delaware | 41-1804964 |
| **Address of principal executive offices, including zip code** | **Registrant's telephone number, including area code** |
| 2650 Lou Menk Drive | (800) 795-2673 |
| Fort Worth, Texas 76131-2830 | |

**Securities registered pursuant to Section 12(b) of the Act:**

| **Title of each class** | **Name of each exchange on which registered** |
|---|---|
| Common Stock, $0.01 par value | New York Stock Exchange |

**Securities registered pursuant to Section 12(g) of the Act:**
None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.     **Yes [x] No [ ]**

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.     **Yes [ ] No [x]**

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirement for the past 90 days.     **Yes [x] No [ ]**

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.     **[ ]**

Indicate by check mark whether the registrant is a large accelerated filer, accelerated filer, or a non-accelerated filer (as defined in Rule 12b-2 of the Act).     **Large accelerated filer [x]     Accelerated filer [ ]     Non-accelerated filer [ ]**

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).     **Yes [ ] No [x]**

The aggregate market value of the voting stock held by non-affiliates of the registrant was approximately $28.419 billion on June 30, 2006. For purposes of this calculation only, the registrant has excluded stock beneficially owned by directors and officers. By doing so, the registrant does not admit that such persons are affiliates within the meaning of Rule 405 under the Securities Act of 1933 or for any other purpose.

Indicate the number of shares outstanding of each of the registrant's classes of common stock, as of the latest practicable date: Common Stock, $0.01 par value, 358,958,852 shares outstanding as of February 2, 2007.

**DOCUMENTS INCORPORATED BY REFERENCE**

LIST HEREUNDER THE DOCUMENTS FROM WHICH PARTS THEREOF HAVE BEEN INCORPORATED BY REFERENCE AND THE PART OF THE FORM 10-K INTO WHICH SUCH INFORMATION IS INCORPORATED:

Burlington Northern Santa Fe Corporation's definitive Proxy Statement, to be filed not later than 120 days after the end of the fiscal year covered by this report.................................................................................................................................................................Part III

**CAPITAL EXPENDITURES AND MAINTENANCE**

CAPITAL EXPENDITURES

The extent of the BNSF Railway's maintenance and capacity program is outlined in the following table:

| Year ended December 31, | 2007 Estimate | 2006 | 2005 | 2004 |
|---|---|---|---|---|
| Track miles of rail laid[a] | 1,056 | 854 | 711 | 695 |
| Cross ties inserted (thousands)[a] | 3,552 | 2,957 | 3,171 | 2,695 |
| Track resurfaced (miles) | 13,824 | 12,588 | 12,790 | 11,450 |

a    Includes both maintenance of existing route system and expansion projects. Expenditures for these maintenance programs are primarily capitalized.

A breakdown of the Company's cash capital expenditures for the three years ended December 31, 2006, is incorporated by reference from a table in Item 7, Management's Discussion and Analysis of Financial Condition and Results of Operations under the heading "Liquidity and Capital Resources; Investing Activities."

BNSF's planned 2007 capital commitments are incorporated by reference from Item 7, Management's Discussion and Analysis of Financial Condition and Results of Operations under the heading "Executive Summary; Business Outlook for 2007."

MAINTENANCE

As of December 31, 2006, General Electric Company, Alstom Transportation, Inc. and Electro-Motive Diesel, Inc. performed locomotive maintenance and overhauls for BNSF Railway at its facilities under various maintenance agreements that covered approximately 4,150 locomotives.

**PROPERTY AND FACILITIES**

BNSF Railway operates various facilities and equipment to support its transportation system, including its infrastructure and locomotives and freight cars as previously described. It also owns or leases other equipment to support rail operations, including highway trailers, containers and vehicles. Support facilities for rail operations include yards and terminals throughout its rail network, system locomotive shops to perform locomotive servicing and maintenance, a centralized network operations center for train dispatching and network operations monitoring and management in Fort Worth, Texas, regional dispatching centers, computers, telecommunications equipment, signal systems and other support systems. Transfer facilities are maintained for rail-to-rail as well as intermodal transfer of containers, trailers and other freight traffic. These facilities include 33 major intermodal hubs located across the system. BNSF Railway's largest intermodal facilities in terms of 2006 volume were as follows:

| Intermodal Facilities | Lifts |
|---|---|
| Hobart Yard (Los Angeles, California) | 1,240,000 |
| Corwith Yard (Chicago, Illinois) | 757,000 |
| Logistics Park (Chicago, Illinois) | 727,000 |
| Willow Springs (Illinois) | 698,000 |
| Alliance (Fort Worth, Texas) | 587,000 |
| San Bernardino (California) | 569,000 |
| Cicero (Illinois) | 533,000 |
| Argentine (Kansas City, Kansas) | 372,000 |
| Memphis (Tennessee) | 318,000 |
| Seattle International Gateway (Seattle, Washington) | 307,000 |

BNSF Railway owns 23 automotive distribution facilities and serves eight port facilities where automobiles are loaded on or unloaded from multi-level rail cars in the United States and Canada.

BNSF Railway's largest freight car classification yards based on the average daily number of cars processed (excluding cars that do not change trains at the terminal and intermodal and coal cars) are shown below:

| Classification Yards | Daily Average Cars Processed |
|---|---|
| Argentine (Kansas City, Kansas) | 1,845 |
| Galesburg (Illinois) | 1,634 |
| Barstow (California) | 1,357 |
| Pasco (Washington) | 1,306 |
| Tulsa (Oklahoma) | 1,218 |

As of December 31, 2006, certain BNSF Railway properties and other assets were subject to liens securing $106 million of mortgage debt. Certain locomotives and rolling stock of BNSF Railway were subject to equipment obligations and leases, as referred to in Notes 9 and 10 to the Consolidated Financial Statements.

### PRODUCTIVITY

Productivity in 2006, as measured by thousand gross ton miles per employee, improved slightly from 2005 as shown in the table below. Gross ton miles is defined as the product of the number of loaded and empty miles traveled and the combined weight of the car and contents.

| Year ended December 31, | 2006 | 2005 | 2004 |
|---|---|---|---|
| Thousand gross ton miles divided by average number of employees | 26,965 | 26,847 | 26,898 |

Volumes as measured by gross ton miles increased 6 percent in 2006 over 2005 and 5 percent in 2005 over 2004. As a result, the Company has increased employee headcounts to handle the additional volume. A discussion of Employees and Labor Relations is incorporated by reference from Item 7, Management's Discussion and Analysis of Financial Condition and Results of Operations, under the heading "Other Matters; Employee and Labor Relations."

### BUSINESS MIX

In serving the Midwest, Pacific Northwest and the Western, Southwestern and Southeastern regions and ports of the country, BNSF transports, through one operating transportation services segment, a range of products and commodities derived from manufacturing, agricultural and natural resource industries. Approximately 60 percent of the freight revenues originated by the Company is covered by contractual agreements of varying duration, while the balance is subject to common carrier, published prices or quotations offered by the Company. BNSF's financial performance is influenced by, among other things, general and industry economic conditions at the international, national and regional levels. The following map illustrates the Company's primary routes, including trackage rights, which allow BNSF to access major cities and ports in the western and southern United States as well as Canadian and Mexican traffic. In addition to major cities and ports, BNSF efficiently serves many smaller markets by working closely with approximately 200 shortline partners. BNSF has also entered into marketing agreements with CSX Transportation, Canadian National Railway Company and Kansas City Southern Railway Company, expanding the marketing reach for each railroad and their customers.

7



BNSF Lines and Trackage Rights
Regional Connections

**CONSUMER PRODUCTS:**

The Consumer Products' freight business provided approximately 38 percent of freight revenues in 2006 and consisted of the following business sectors:

- **INTERNATIONAL INTERMODAL** — International business consists primarily of container traffic from steamship companies such as Maersk, Evergreen and Hyundai. International Intermodal accounted for approximately 46 percent of total Consumer Products revenues.

- **DOMESTIC INTERMODAL** — Domestic Intermodal generated approximately 46 percent of total Consumer Products revenue. The Domestic Intermodal sector is comprised of the following business areas:

    ✓ **TRUCKLOAD/INTERMODAL MARKETING COMPANIES** — The Truckload business area is comprised of full truckload carriers such as J.B. Hunt Transportation, Schneider National and Swift Transportation. The Intermodal Marketing Companies business area is comprised of shippers' agents and consolidators such as the Hub Group.

    ✓ **EXPEDITED TRUCKLOAD/LESS-THAN-TRUCKLOAD** — This business area is comprised of less-than-truckload carriers and parcel carriers such as United Parcel Service and YRC Worldwide. It also includes expedited truckload carriers such as Werner Enterprises, Stevens Transport and U.S. Xpress Enterprises.

- **AUTOMOTIVE** — The transportation of both assembled motor vehicles, primarily those manufactured outside of the United States, and shipments of vehicle parts to numerous destinations throughout the Midwest, Southwest, West and Pacific Northwest provided about 8 percent of total Consumer Products revenues.