UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK,

       Plaintiff,

- against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

       Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BNSF AND NYK LINE'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

Of Counsel
    Ronald E. Joseph (RJ 9302)
    Arjay G. Yao (AY 0506)

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

        Plaintiff,                              07 CIV 6421 (PAC)(THK)

   - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

        Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BNSF AND NYK LINE'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 (a)**

**PRELIMINARY STATEMENT**

Defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company ("BNSF") and Nippon Yusen Kaisha, NYK Line (North America) Inc. ("NYK Line") respectfully submits this Memorandum of Law in support of its Motion to Transfer Venue to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404 (a).

**STATEMENT OF FACTS**

This action arises from an alleged train derailment that occurred on July 18, 2006, outside Neosho Rapids, Kansas. According to plaintiff's Amended Complaint, plaintiff "sues for damage

to a cargo of insulators from Elwood, Illinois to Los Angeles" and alleges that "[d]efendants are operators of a railroad doing business as a common carriers by rail in interstate commerce, and governed by 49 U.S.C. 11706." *See* Declaration of Arjay G. Yao ("Yao Declaration"), Exhibit A at ¶¶ 1-2, 4.

BNSF, a Delaware corporation, maintains its headquarters in Fort Worth, Texas. *See* Yao Declaration, Exhibit D, at page i. BNSF manages and operates an extensive railway system that serves the Midwest, Pacific Northwest and the Western, Southwestern, and Southeastern regions and ports of the country. *See* Yao Declaration, Exhibit D, at page 7. BNSF does not operate any rail services in New York. *See* Yao Declaration, Exhibit D, at page 8.

Nippon Yusen Kaisha is a foreign corporation with headquarters in Tokyo, Japan. *See* Yao Declaration, Exhibit F. While NYK Line (North America) Inc. maintains an office in New York, it is for the sole purpose of receiving process from the New York Department of State. *See* Yao Declaration, Exhibit H.

BNSF's Intermodal Rules & Policies Guide ("Intermodal Rules") governs the intermodal transportation of goods by BNSF. *See* Yao Declaration, Exhibit E, at page 9, Item 1. The Intermodal Rules contain a venue provision, which, pursuant to Item 65(4) provides that, "[a]ny loss or damage suit brought against BNSF shall be filed in a United States Federal District Court in the location of the shipment's origination or termination on BNSF." *See* Yao Declaration, Exhibit E, at page 74, Item 65(4).

As plaintiff alleges, its damages are based upon the transportation of insulators with an origination point of Elwood, Illinois and a final destination point of Los Angeles, California, a route which did not pass through New York. *See* Yao Declaration, Exhibit A, at ¶ 4. Nevertheless,

plaintiff's Amended Complaint is premised upon this alleged derailment and seeks damages pursuant to 49 U.S.C. 11706. *See* Yao Declaration, Exhibit A, at ¶2.

## ARGUMENT

### 1. District Courts Have Broad Discretion in Transferring Cases.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404 (a). The purpose of § 1404 (a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "Where the transferee district is a proper venue ... 'motions to transfer lie within the broad discretion of the court and are determined upon notions of convenience and fairness on a case-by-case basis.'" *Tralongo v. Shultz Foods, Inc.*, 2007 U.S. Dist. LEXIS 23215, *4 (S.D.N.Y. March 14, 2007), quoting *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (granting motion to transfer venue to the Middle District of Pennsylvania); *see also Schultze v. DaimlerChrysler Corp.*, 2006 U.S. Dist. LEXIS 85273, *4 (S.D.N.Y. Nov. 14, 2006) (granting motion to transfer venue to the Northern District of New York).

The first inquiry in a motion to transfer venue is whether the action "might have been brought" in the proposed transferee forum, which depends upon whether the transferee forum would have had personal jurisdiction over the defendant at the time the action was commenced and if venue properly lies there. *See Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001); *see also Frame v. Whole Foods Market, Inc.*, 2007 U.S. Dist. LEXIS 72720 (S.D.N.Y. Sept. 24, 2007). Here, this action "might have been brought" in the Central District of California because both BNSF, which maintains its largest intermodal facility in Los Angeles, California (*see* Yao

Declaration, Exhibit D, at page 6), and NYK Line, which maintains an office in Los Angeles (*see* Yao Declaration, Exhibit G), are qualified to do business in the Central District of California. *See* 28 U.S.C. § 1391.

### A. The governing statute dictates that the Central District of California is the Proper Forum.

The Central District of California is not only a venue in which plaintiff may have brought his claim, it is the proper venue based upon the governing statute. According to plaintiff's Amended Complaint, plaintiff seeks damages pursuant 49 U.S.C. § 11706. *See* Yao Declaration Exhibit A, at ¶ 2. This statute governs the liability of rail carriers under receipts and bills of lading and provides for a uniform regime of recovery by shippers for loss or damage to their goods during shipment. *Project Hope v. M/V IBN SINA*, 250 F.3d 63, 76, n.6 (2d Cir. 2001). This statute also contains a special venue subsection which dictates in which venue claims may be brought. Specifically, subsection (d)(2)(A) of 49 U.S.C. § 11706 provides the following:

"A civil action under this section may only be brought -

> (i) against the originating rail carrier, in the judicial district in which the point of origin is located;
>
> (ii) *against the delivering rail carrier*, in the judicial district in which principal place of business of the person brining the action is located if the delivering carrier operates a railroad or a route through such judicial district, or *in the district in which the point of destination is located*; and
>
> (iii) against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. § 11706 (d)(2)(A) (emphasis added).

"Special venue provisions are typically attached to statutes providing substantive rights and are intended to control all claims brought under such statutes." *Meserole Street Recycling, Inc. v. CSX*

*Transp., Inc.*, 2007 U.S. Dist LEXIS 72790, *5 (E.D.N.Y. Sept. 28, 2007) (unpublished opinion), citing *Pacer Global Logistics v. Nat'l Passenger R.R. Corp.*, 272 F. Supp. 2d 784 (E.D. Wis. 2003).

Here, the Southern District of New York does not qualify as a proper venue under any section of this venue provision. As plaintiff alleges, Elwood, Illinois was the origination point, and not the Southern District of New York (*see* Yao Declaration, Exhibit A, ¶ 4), and thus, subsection (i) is inapplicable. Even assuming that the Southern District of New York is the principal place of business of plaintiff, BNSF, as the delivering rail carrier, does not operate a railroad or route in New York. *See* Yao Declaration, Exhibit D, at page 8. Therefore the initial part of subsection (ii) does not apply. The Southern District of New York also was not the district where plaintiff's alleged loss or damage occurred because the train allegedly derailed in Kansas. Accordingly, subsection (iii) does not apply.

Rather, the Central District of California is the only proper venue based upon the latter part of subsection (ii), which provides that a claim against a rail carrier be brought "in the district in which the point of destination is located." 49 U.S.C. § 11706 (d)(2)(A)(ii). Here, the cargo was departing for Los Angeles, as plaintiff's Amended Complaint notes. *See* Yao Declaration, Exhibit A, ¶ 4. Accordingly, the Central District of California is the only proper venue based upon the statutory provision that provides that claims be brought "in the district in which the point of destination is located." 49 U.S.C. § 11706 (d)(2)(A)(ii).

    **B.**    **The contractual terms provide that any claims must be brought in the forum of the final destination point.**

The contractual terms also dictate that venue lie in the Central District of California. A forum selection clause will be enforced unless enforcement would be unjust or unreasonable or the

clause was obtained through fraud or overreaching. *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 391 (S.D.N.Y. 2006), citing *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir. 1990). Item 65(4) specifically requires that "[a]ll loss or damage suits filed against BNSF shall be filed in a United Stated Federal District Court in the location of the shipment's origination or termination on BNSF." *See* Yao Declaration, Exhibit E, at page 74, Item 65(4). Accordingly, the Intermodal Rules, which governs the transportation of goods by BNSF, echo the provisions of the governing statute. As the forum selection provision obligates venue in the destination point, this Court should transfer this action to the Central District of California.

> 2. **A Holistic Examination Reveals that the Central District of California is the Proper Forum for This Case.**

In deciding whether to transfer a case, the courts examine the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *Schultze*, 2006 U.S. Dist LEXIS 85273 at *4 (citations omitted); *Afshar v. Ounce Jewelry, Inc.*, 2001 U.S. Dist. LEXIS 21684, *6-7 (S.D.N.Y. 2001) (examination of factors warranted transfer from New York to the Central District of California). "None of the above factors is determinative, nor do they comprise an exclusive list. Rather, they serve as guideposts for analysis and should not be applied in a mechanical or forumlaic manner." *Schultze*, 2006 U.S. Dist LEXIS 85273 at *4-5 (citations omitted).

### A.     The convenience of the parties favors transfer.

The convenience of the parties weighs heavily in favor of transfer. NYK Line is a foreign company with corporate headquarters located in Toyko, Japan. *See* Yao Declaration, Exhibit F. While NYK Line maintains an office in New York, this office is used for the sole purpose of receiving process from the New York Secretary of State, and not for the day-to-day business of the company. *See* Yao Declaration, Exhibit H. The Central District of California represents a more convenient location for NYK Line based upon the closer proximity of Los Angeles to NYK Line's Japan headquarters. *See Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) (granting motion to transfer from New York to California where travel time for Japan company would be shortened by 3000 miles and several hours).

The Central District of California is also a more convenient location for BNSF. The extensive intermodal rail network maintained and operated by BNSF's management hub in Texas des not serve the Northeastern region of the country. *See* Yao Declaration, Exhibit D, pages i, 6-8. In addition, BNSF maintains its largest intermodal facility in Los Angeles, which was the termination point of the cargo. *See* Yao Declaration, Exhibit D, at page 6. Thus, the Central District of California represents the most convenient venu.

### B.     The Southern District of New York has no connection to this action.

This Court should transfer this case because of the lack of any connection to New York. Plaintiff commenced this action in the Southern District of New York, but the facts clearly dictate that venue is proper in the Central District of California.

"'The location of operative events is a 'primary factor' in determining a motion to transfer venue.'" *Bank of Am., N.A. v. Hensley Props., LP*, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007),

quoting *ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2007). BNSF was contracted to transport the cargo from the Chicago area to the Port of Los Angeles. The subject cargo involved in the derailment did not depart from, pass through or arrive in New York. *See* Yao Declaration, Exhibit A, ¶ 4. As such, because the locus of the operative facts has no nexus with New York, this Court should transfer venue. *See Brasseler USA Dental, L.L.C. v. Discus Dental, Inc.*, 2005 U.S. Dist. LEXIS 14918, *13-14 (S.D.N.Y. 2005) (case transferred to Central District of California because case was minimally connected to New York).

Moreover, while the plaintiff's choice of a forum is accorded deference and rarely should be disturbed, where the operative facts occurred in another district, this choice is given less weight. *See Saccoccio v. Relin, Goldstein & Crane, LLP*, 2007 U.S. Dist. LEXIS 33145 (S.D.N.Y. 2007), quoting *Hall v. South Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) ("Such choice is entitled to less deference, however, when the forum is 'neither the [plaintiff's] home nor the place where the operative facts of the action occurred.'"); *International Commodities Expert Corp. v. N. Pacific Lumber Co., Inc.*, 737 F. Supp. 242 (S.D.N.Y. 1990). Here, the only connection with New York is plaintiff's residence. Hwoever, this Court should give no credence to plaintiff's choice because of the lack of connection with this venue. *See Fuji*, 415 F. Supp. at 376 (transfer motion granted where plaintiff resided in New York but locus of operative facts did not occur in New York). Accordingly, this Court should transfer this case to the Central District of California.

### C. There is no burden in the transferee district in applying federal law.

As mentioned, plaintiff seeks to recover monetary damages under 49 U.S.C. § 11706. Given that this case is to be governed by federal law, there is no difficulty or burden for the transferee district. The federal court in California will likely be familiar with the principles of this governing

statute and will not saddled with having to become acquainted with unsettled or local laws. Consequently, this factor weighs in favor of transfer.

## **CONCLUSION**

For the foregoing reasons, the governing statute, the contractual terms, and the interests of justice overwhelmingly demonstrate that the Central District of California is the proper venue for this case. Defendants respectfully request that this Court grant its Motion to Transfer Venue to the Central District of California, together with such other and further relief as the Court deems proper and necessary.

Dated: New York, New York
       February 1, 2008

                              Respectfully submitted,

                              LANDMAN CORSI BALLAINE & FORD P.C.

                              By: _____
                                  Ronald E. Joseph (RJ 9302)
                                  Arjay G. Yao (AY0506)
                                  Attorneys for Defendants BNSF and
                                  NYK Line
                                  120 Broadway, 27th Floor
                                  New York, New York  10271-0079
                                  (212) 238-4800

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

That on the 1st day of February, 2008, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BNSF AND NYK LINE'S MOTION FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1404(a)**

upon

    KINGSLEY KINGSLEY & CALKINS
    Attorneys for Plaintiff
    91 West Cherry Street
    Hicksville, New York 11801
    Attn: Kevin T. Murtagh, Esq.

    JUNGE & MELE LLP
    Attorneys for Advance Ocean, Inc.
    29 Broadway, 9th Floor
    New York, New York 10006
    Attn: Peter Junge, Esq.

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                              _____
                                              Miriam Deikun

Sworn to before me this
1st day of February 2008

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010