11740-PAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
GREAT AMERICAN INSURANCE             :
COMPANY OF NEW YORK,                 :
                    **Plaintiff,**   :
     v.                              :
                                 :
ADVANCE OCEAN INC., NIPPON YUSEN     :
KAISHA, NYK (NORTH AMERICA) INC.,    :   **07 CIV 6421 (PAC) (THK)**
BURLINGTON NORTHERN SANTA FE         :
CORPORATION, BNSF RAILWAY            :
COMPANY, THE BURLINGTON              :
NORTHERN AND SANTA FE RAILWAY        :
COMPANY,                             :
                    **Defendants.**  :
---------------------------------------------------------- x


**ADVANCE OCEAN INC.'S MEMORANDUM OF LAW IN OPPOSITION**
**TO CO-DEFENDANTS' MOTION TO TRANSFER VENUE**

JUNGE & MELE, LLP
*ATTORNEYS FOR DEFENDANT*
*ADVANCE OCEAN INC.*
29 BROADWAY
NEW YORK, NY 10006
(212) 269-0061


OF COUNSEL,
ARMAND P. MELE
PETER A. JUNGE

**PRELIMINARY STATEMENT**

Defendant, Advance Ocean Inc. ("Advance"), submits this memorandum of law in opposition to the motion to transfer venue of Defendants Nippon Yusen Kaisha, NYK (North America) Inc. (collectively "NYK"), Burlington Northern Santa Fe Corporation, BNSF Railway Company, the Burlington Northern and Santa Fe Railway Company (collectively "BNSF").  Advance opposes the motion to the extent it requests a transfer of venue with respect to Advance.  Advance is entitled to have the Amended Complaint dismissed for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction as set forth in Advance's pending Fed R. Civ P. 12(b) motion to dismiss.

**STATEMENT OF FACTS**

Advance relies upon the Statement of Facts set forth in its previously filed Motion to Dismiss the Amended Complaint pursuant to Fed R. Civ. P. Rules 12(b)(2) and 12(b)(6).

**ARGUMENT**

**THE CLAIMS AGAINST ADVANCE SHOULD BE DISMISSED, NOT TRANSFERRED**

Plaintiff's claims against Advance are palpably insufficient as a matter of law, since Advance indisputably only booked the cargo for ocean transport and is neither a

receiving or delivering rail carrier which could possibly be held liable under *49 U.S.C. §11706 (a)*. The case against Advance should therefore not be transferred pursuant to co-defendants' venue motion under 28 U.S.C. §1404(a), but dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) or 12(b)(2).

As stated in *Cameron v. Thornburgh*,

> Although we normally would be inclined to transfer the entire case, we see no need to follow that path when briefing and argument in this court have convinced us that appellant has stated no claim against Thornburgh and Quinlan. We would frustrate the Supreme Court's intentions in developing the whole doctrine of qualified immunity (which is intended to enable lower courts "expeditiously to weed out" insubstantial Bivens actions, *Siegert v. Gilley*, 500 U.S. 226,—, 11 S.Ct. 1789, 1793, 114 L.Ed.23d 277 (1991) were we to transfer these frivolous claims. Moreover, §1406 directs us to transfer a case to another district only if we determine it will be in the interests of justice to do so. We think it plainly is not in the interest of justice to further prolong the exposure of Quinlan and Attorney General Thornburgh to personal liability in this litigation.

*Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *see Sykes v. Glaxo-SmithKline*, 484 F. Supp. 2d 289 (E.D. Pa. 2007). Similarly, the Amended Complaint against Advance should be dismissed even if venue is transferred against the co-Defendants.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the court not transfer venue of the claims against Advance, but that it dismiss the Amended Complaint against Advance with prejudice based upon either, Fed. R. Civ. P. Rule 12(b)(6) or Rule 56, or in the

alternative, dismiss the Amended Complaint for lack of personal jurisdiction over Advance pursuant to Fed. R. Civ. P. Rule 12(b)(2).

Dated in the City of New York on February 15, 2008

                              Respectfully submitted,

                              JUNGE & MELE, LLP
                              *Attorneys for Defendant - Advance Ocean Inc.*

                              /s/ Armand P. Mele
By_____
                              Armand P. Mele (AM-7378)
                              29 Broadway
                              New York, NY 10006
                              (212) 269-0061