# TABLE OF CONTENTS

Preliminary Statement..................................................................................1

Statement of Facts.......................................................................................2

Point I

ADVANCE OCEAN IS LICENSED BY THE FEDERAL MARITIME
COMMISSION ONLY A S A NON-VESSEL-OPERATING COMMON
CARRIER, AND PLAINTIFF'S AMENDED COMPLAINT STATES A
VALID CAUSE OF ACTION AGAINST ADVANCE OCEAN IN THAT
CAPACITY....................................................................................................3

Point II

DEFENDANT'S ALTERNATIVE GROUND FOR DISMISSAL FOR LACK
OF PERSONAL JURISDICTION MUST BE DENIED WHERE SUFFICIENT
FACTS OF DEFENDANT'S PRESENCE IN NEW YORK APPEAR IN ITS
WEBSITE AND IN THE NYS DEPT. OF STATE, DIVISION OF
CORPORATIONS, AND DEFENDANT HAS NATIONAL CONTACTS
PURSUANT TO RULE 4(k)(2), F.R.CIV.P.................................................4

Conclusion..................................................................................................10

HMK/jb GA 7921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,                                   ECF CASE

                Plaintiff,                 07 CIV 6421 (PAC)(THK)

   -against-

ADVANCE OCEAN INC., NIPPON YUSEN           PLAINTIFF'S
KAISHA, NYK LINE (NORTH AMERICA)           MEMORANDUM
INC., BURLINGTON NORTHERN SANTA FE         OF LAW IN OPPOSITION
CORPORATION, BNSF RAILWAY COMPANY,         TO DEFENDANT
THE BURLINGTON NORTHERN AND                ADVANCE OCEAN, INC.
SANTA FE RAILWAY COMPANY,                  MOTION TO DISMISS

                Defendants.
------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff, Great American Insurance Company of New York, as subrogated underwriter for Maclean Power Systems, properly brought this cargo damage action against defendant Advance Ocean, Inc., a federally licensed non-vessel-operating common carrier (NVOCC) operating world-wide with an office in New York.  See, Exhibit no. 1 - http://advanceocean.com website pages showing an Advance Ocean, Inc. office in Jamaica, NY; Exhibit no. 2 - NYS Dept. of State, Division of Corporations, entity information on two listed domestic companies: Advance Ocean (NY), Inc. authorized on April 16, 1999, and Advance Ocean, Inc. authorized on July 18, 2007, both active; Exhibit no. 3 - Federal Maritime Commission search results showing Advance Ocean Inc. as a licensed NVOCC,

but <u>not</u> licensed as a freight forwarder; <u>Exhibit no. 4</u> - Federal Maritime Commission Release of Compromise Agreements NR 01-12 listing Advance Ocean Inc. as an NVOCC, and <u>Exhibit no. 5</u> - email from Advance Ocean to Bob Mohn of Berardino & Associates, plaintiff's insured's freight forwarder, quoting through rates for the shipment.

Thus, defendant Advance Ocean's allegation that it is not a common carrier is wrong, and plaintiff's amended complaint states a valid cause of action under the liberal notice pleading standard of Rule 8(a), F.R.Civ.P., against Advance Ocean Inc. as the NVOCC involved with this shipment. Alternatively, if the pleading is adjudged inadequate, plaintiff must be permitted to amend its complaint as against Advance Ocean, Inc. in its role as NVOCC. <u>O'Hara v. Weeks Marine, Inc.</u>, 294 F.3d 55, 68 (2d Cir. 2002).

Furthermore, Advance Ocean's nation-wide business dealings and office in New York are sufficient to establish this Court's personal jurisdiction over Advance Ocean, at least at this initial stage of the proceedings before discovery, and defendant's motion to dismiss must be denied.

Statement of Facts

The contemplated carriage of plaintiff's insured's cargo of electrical transmission insulators ended with a derailment of the railroad cars containing the cargo on the U.S. land leg of an intermodal shipment to Thailand. No through intermodal ocean bills of lading were ever issued for the damaged cargo, but defendant NYK Line (North America) Inc. confirmed the booking

made for the cargo to Advance Ocean as NVOCC on June 9, 2006. (Exhibit B to Declaration of Esther Helen Lee in Support).

The NYK Line booking note (Exh. B) names "Advance Ocean Inc." as shipper, the NYK Atlas as the ocean carrying vessel, and notes the NYK point of receipt at Joliet Logistics Park in Elwood, IL, thereby confirming the through intermodal nature of this shipment, and Advance Ocean's role as the NVOCC. Furthermore, the email from Advance Ocean to Berardino & Associates dated June 9, 2006 (Exh. 5), sets forth the through rate quote for the entire move from Chicago to Thailand via Los Angeles, one of the indicia of a NVOCC.

**ARGUMENT**

POINT I:   ADVANCE OCEAN IS LICENSED BY THE FEDERAL MARITIME COMMISSION ONLY AS A NON-VESSEL-OPERATING COMMON CARRIER, AND PLAINTIFF'S AMENDED COMPLAINT STATES A VALID CAUSE OF ACTION AGAINST ADVANCE OCEAN IN THAT CAPACITY

It matters not that Advance Ocean contends it is not a rail carrier, since the federal statutory scheme regulates the involvement of NVOCCs in through intermodal transportation of cargo, and makes an NVOCC contractually liable to cargo interests for damage incurred during the intermodal or through movement of cargo. See, Prima U.S. Inc. v. Panalpina, Inc., 223 F.3d 126, 129 (2d Cir. 2000), distinguishing the differences between a NVOCC and a freight forwarder, holding that, "[i]f anything happens to the goods during the voyage

the NVOCC is liable to the shipper because of the bill of lading it issued."

The Ocean Shipping Act Regulations beginning at 46 U.S.C. §40102, sets forth the applicable definitions of "common carrier," "non-vessel-operating common carrier," "freight forwarder," and "through transportation" as follows:

"(6) Common carrier. - The term 'common carrier' -

    (A) means a person that -

        (I) holds itself out to the general public to provide transportation by water of passengers or cargo between the United States and a foreign country for compensation;

        (ii) assumes responsibility for the transportation from the port or point of receipt to the port or point of destination; and

        (iii) uses, for all or part of that transportation , a vessel operating on the high seas or the Great Lakes between a port in the United States and a port in a foreign country . . ."


"(16) Non-vessel-operating common carrier. - The term 'non-vessel-operating common carrier' means a common carrier that -

    (A) does not operate the vessels by which the ocean transportation is provided; and

    (B) is a shipper in its relationship with an ocean common carrier."


"(18) Ocean freight forwarder. - The term "ocean freight forwarder" means a person that -

    (A) in the United States, dispatches shipments from the United States via a common carrier and books of otherwise arranges space for those shipments on behalf of shippers; and

    (B) processes the documentation or performs related activities incident to those shipments."

4

> "(25) Through transportation. - The term 'through transportation' means continuous transportation between origin and destination for which a through rate is assessed and which is offered or performed by one or more carriers, at least one of which is a common carrier, between a United States port or point and a foreign port or point."

The Declaration of Ms. Esther Helen Lee for Advance Ocean disingenuously states that Advance Ocean "is licensed as an Ocean Transportation Intermediary by the Federal Maritime Commission," and "dispatches shipments from the United States by booking space with ocean common carriers and by preparing shipping documents on behalf of its clients." (Para. 3 of Ms. Lee's Declaration). An Ocean Transportation Intermediary is, however, a broad term that includes either an ocean freight forwarder or a non-vessel-operating common carrier. See, 46 U.S.C. §40102 (19) ("The term 'ocean transportation intermediary' means an ocean freight forwarder or a non-vessel-operating common carrier.")

It appears that Ms. Esther Helen Lee used the definition of an "ocean freight forwarder" as set forth in 46 U.S.C. §40102 (18) in incorrectly describing Advance Ocean's role in this shipment at paragraph 3 of her Declaration, but Advance Ocean is not licensed as an ocean freight forwarder by the FMC. See, Exhibits 3 and 4. To the extent that Ms. Esther Helen Lee maintains that Advance Ocean acted as a freight forwarder for plaintiff's insured's cargo, it did so illegally, and should be judicially estopped from attempting to benefit from

5

its illegal activities when it was already legally licensed to act as a NVOCC as the evidence herein demonstrates.

Advance Ocean's correct role as a NVOCC with regard to the subject shipment is confirmed by the booking note it received from NYK Line, listing Advance Ocean as the "shipper" in its relationship with the intended ocean carrier, NYK Line, for the through intermodal shipment moving from Elwood, IL to Thailand (Exh. B); and by the through rate quote given by Advance Ocean to Berardino & Associates, plaintiff's insured's actual freight forwarder (Exh. 5).

The fact that no through intermodal bills of lading were actually issued for this shipment by either NYK Lines or Advance Ocean, due likely to the fact that the inland carriage was terminated by the derailment, is not dispositive of Advance Ocean's role as NVOCC with regard to plaintiff's insured's shipment. Maritime contracts are not required to be in writing to be enforceable, and through bills of lading are maritime contracts. See, Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24-26 (2004). Furthermore, the term "agreement" under 46 U.S.C. §40102 (1)(A), "means a written or oral understanding, arrangement, or association . . ."

Thus, the indicia of Advance Ocean's role as NVOCC in quoting through rates and booking the cargo as "shipper" with NYK Lines, plus the FMC license that authorizes Advance Ocean to act only as a NVOCC, not as a freight forwarder, contradicts the Declaration of Esther Helen Lee, and requires denial of defendant Advance Ocean's motion to dismiss.

POINT II:   DEFENDANT'S ALTERNATIVE GROUND FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION MUST BE DENIED WHERE SUFFICIENT FACTS OF DEFENDANT'S PRESENCE IN NEW YORK APPEAR IN ITS WEBSITE AND IN THE NYS DEPT. OF STATE, DIVISION OF CORPORATIONS, AND DEFENDANT HAS NATIONAL CONTACTS PURSUANT TO RULE 4(k)(2), F.R.CIV.P.

The expanse of Advance Ocean's business dealings cannot accurately be discerned at this early stage of proceedings, and defendant's motion to dismiss for lack of personal jurisdiction must be denied and discovery allowed to proceed. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990); New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997).

Indeed, much more of Advance Ocean's business dealings are disclosed at its website, http://advanceocean.com, than what Ms Esther Helen Lee's Declaration discloses. For instance, Exhibit 1 includes Advance Ocean's website page for "Our Services," which describe the company as providing, "supply chain solutions and operational support for international shipping to major ports and airports around the world." The first country listed that it serves is the "United States of America," and the Port of New York is a major port for air, land, and sea transportation. How much business Advance Ocean conducts or transacts through the Port of New York, either by itself or through affiliates or agencies, is undisclosed.

Moreover, contrary to Ms. Esther Helen Lee's Declaration at paragraph 4,

7

the New York State Department of State, Division of Corporations, lists two Advance Ocean companies in New York: Advance Ocean (NY) Inc., a domestic business corporation active from April 16, 1999, and Advance Ocean Inc., a domestic corporation active from July 18, 2007, with both having offices in Jamaica, NY. (Exhibit 2). These corporate listings in New York State are corroborated by Advance Ocean's own website information in the "Contact Us" page of Exhibit 1, i.e. "Advance Ocean Inc. (New York), 147-48, 182nd Street, 2d Floor, Jamaica, NY."

On a motion to dismiss under Rule 12(b), well-pleaded allegations in the complaint are accepted as true, ambiguities are construed in favor of the plaintiff, and dismissal is only proper when it appears beyond doubt that plaintiff can prove no set of facts to support the allegations of the complaint. Scheuer v. Rhodes, 416 U.S. 232 (1974).

Here, plaintiff is entitled to discover and challenge the bases of Ms. Esther Helen Lee's factual contentions in her Declaration, and converting defendant Advance Ocean's motion to dismiss into one for summary judgment must be denied as material factual contentions of the parties are in dispute based upon the probative evidence submitted herewith. See, A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76 (2d Cir. 1993); Dale v. Banque Alliance S.A., 2004 WL 2389894 (SDNY 2004).

Moreover, plaintiff sues under federal transportation law, and the so-called federal long arm provision in Rule 4(k)(2), F.R.CIV.P., provides:

8

> "(2)   If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state."

Here, defendant Advance Ocean admits it engages in dispatching shipments from the United States, as a whole, and therefore Ms. Esther Helen Lee's Declaration denying any contact specifically with New York is irrelevant. Whether defendant Advance Ocean is also subject to the jurisdiction of California state courts of general jurisdiction remains an open issue because of the different locations listed for its office, to wit: 17870 Castleton St., City of Industry, CA according to Ms. Lee; 15358 Valley Boulevard, City of Industry, CA according to it website, Exhibit 1; and Hacienda Heights, CA according to the FMC, Exhibit 4.  Thus, the alleged lack of nexus between the transaction and New York, as alleged by Ms. Lee in paragraph 8 of her Declaration, does not justify dismissal of the amended complaint as against Advance Ocean.

Plaintiff is entitled to discovery from Advance Ocean on the issues of its role as NVOCC and its jurisdictional presence in New York, and the motion to dismiss must be denied.  See, Dale v. Banque Alliance, Id.

## CONCLUSION

THE MOTION TO DISMISS BY DEFENDANT ADVANCE OCEAN INC. PURSUANT TO RULE 12 (b), F.R.CIV.P., MUST BE DENIED IN ITS ENTIRETY AS DEFENDANT ACTED AS, AND IS ONLY FEDERALLY LICENSED AS, A NON-VESSEL-OPERATING COMMON CARRIER IN RELATION TO THIS SHIPMENT, AND IS THUS PROPERLY ALLEGED TO BE A COMMON CARRIER RESPONSIBLE FOR PLAINTIFF'S LOSS; AND SUFFICIENT EVIDENCE IS PRESENTED TO CONTRADICT THE DECLARATION OF ESTHER HELEN LEE AS TO ADVANCE OCEAN'S ROLE IN THIS SHIPMENT AND ITS PRESENCE IN THIS JURISDICTION TO DEFEAT DEFENDANT'S MOTION TO DISMISS AND REQUIRE DISCOVERY; AND PLAINTIFF REQUESTS SUCH OTHER, DIFFERENT, OR FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

DATED:   February 15, 2008

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff

BY: _____
STEVEN P. CALKINS
91 West Cherry Street
Hicksville, NY 11801
(516) 931-0064

TO:   Junge & Mele, Esqs.
Attorneys for Defendant Advance Ocean Inc.
29 Broadway
New York, NY 10006
Attn: Armand P. Mele, Esq.

Landman Corsi Ballaine & Ford, Esqs.
Attorneys for defendants BNSF and NYK Lines
120 Broadway, 27th Floor
New York, NY 10271
Attn: Ronald E. Joseph, Esq.