HMK/jb GA 7921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

                Plaintiff,

-against-

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA)
INC., BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA
FE RAILWAY COMPANY,

                Defendants.
----------------------------------------------------------X

ECF CASE

07 CIV 6421 (PAC)(THK)

DECLARATION OF
ROBERT MOHN IN
OPPOSITION TO
DEFENDANTS'
MOTIONS TO DISMISS
AND TO TRANSFER

Robert Mohn, hereby declares under the penalties of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am an officer and part owner of Berardino & Associates, Inc., located in Elmhurst, IL, and licensed as an ocean transportation intermediary authorized to act as a freight forwarder by the Federal Maritime Commission. I submit this Declaration in opposition to the motions made by defendants in the captioned matter to dismiss the action as against defendant Advance and to transfer the action to California made by defendants BNSF and NYK Line.

2. I was contacted by Maclean Power Systems in or about June 2006, to act as its freight forwarder in arranging the shipment of a cargo of electrical insulators from Maclean in Franklin Park, IL to its buyer in Thailand.

3. I learned through Maclean that its buyer in Thailand required the goods to be carried to Thailand aboard an ocean vessel flagged in Thailand, and therefore contacted Advance Ocean Inc. who specialized in transportation of goods to Thailand. To my knowledge, Advance Ocean Inc. was not a freight forwarder at the time of this booking.

4. I received the Booking Confirmation from Advance Ocean Inc. on June 12, 2006, and expected to receive an intermodal bill of lading showing the through move from Chicago to Bangkok, Thailand, but no bills of lading were received before being advised of the derailment of the train carrying the cargo to Los Angeles on the land leg of the carriage.

5. I arranged for the trucking of the containers from Maclean's loading dock to the container yard in Joliet Logistics Park in Elwood, IL, where Advance Ocean had instructed me to deliver the containers.

6. At no time prior to the derailment was I advised that BNSF was the nominated rail carrier, and no railway bill of lading was ever received by Berardino & Associates on behalf of Maclean.

Dated:     February 20, 2008

_____
Robert Mohn