*11740-PAJ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
GREAT AMERICAN INSURANCE         :   07 CIV 6421 (PAC) (THK)
COMPANY OF NEW YORK,             :
                Plaintiff,   :
    v.                              :
                                         :   REPLY DECLARATION OF
ADVANCE OCEAN INC., NIPPON YUSEN  :   ESTHER HELEN LEE IN
KAISHA, NYK (NORTH AMERICA) INC., :   SUPPORT OF ADVANCE
BURLINGTON NORTHERN SANTA FE      :   OCEAN INC.'S MOTION TO
CORPORATION, BNSF RAILWAY         :   DISMISS PURSUANT TO
COMPANY, THE BURLINGTON           :   FED. R. CIV. P. 12(B)(2) & (6)
NORTHERN AND SANTA FE RAILWAY     :
COMPANY,                          :
                Defendants.  :
---------------------------------------------------------- x

      Esther Helen Lee declares as follows:

      1.    I am and was at all times relevant the Director of defendant, Advance Ocean Inc. ( "Advance"), and I am fully familiar with the following facts. I submit this Reply Declaration in further support of Advance's motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim.

      2.    In opposing Advance's motion to dismiss for lack of personal jurisdiction, Plaintiff makes the fundamental error of confusing Advance with other companies. First, Plaintiff asserts that Advance maintains a website at "http://advanceocean.com." This is simply incorrect. The website is related to a company called Advance Ocean Singapore Pte, Ltd ("Singapore"). Singapore is not Advance, does not have an ownership interest in Advance, and no owner of Advance also holds an ownership interest in Singapore. Advance had previously been Singapore's California's agent, but no longer acts in that

capacity. The only reason Advance still appears on the website is that it has not been updated.

3.      Plaintiff also mistakenly argues that two New York entities with names similar to Advance are, in fact, Advance itself. The only connection that Advance has with either of these two entities is that an owner of Advance at one time held a 20% interest in Advance Ocean (NY) Inc., which is the New York corporation registered in 1999. Moreover, the separateness between Advance and Advance Ocean (NY) Inc. is amply demonstrated by the fact that one is a California corporation and the other is a New York corporation. My prior declaration, in which I stated that Advance has no presence in New York and is not a New York registered corporation, is entirely correct.

4.      Although Advance is a registered NVOCC with the Federal Maritime Commission, **it did not issue a bill of lading for this shipment,** and did not undertake responsibility for transporting the cargo either by rail or by ship. Advance only issued a "Booking Confirmation" which explicitly identified " "Nippon Yusen Kaisha," *i.e.* NYK, as the "Carrier" that would transport the cargo.

5.      It is respectfully submitted that the court grant Advance's motion to dismiss in its entirety.

*I declare under penalty of perjury that the above is true and correct.*

Dated in Rosemead, California on February 22, 2008

_____
Esther Helen Lee