11740-PAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
GREAT AMERICAN INSURANCE              :
COMPANY OF NEW YORK,                  :
                    Plaintiff,        :
        v.                            :
                                      :
ADVANCE OCEAN INC., NIPPON YUSEN      :
KAISHA, NYK (NORTH AMERICA) INC.,     :   07 CIV 6421 (PAC) (THK)
BURLINGTON NORTHERN SANTA FE          :
CORPORATION, BNSF RAILWAY             :
COMPANY, THE BURLINGTON               :
NORTHERN AND SANTA FE RAILWAY         :
COMPANY,                              :
                    Defendants.       :
------------------------------------------------------- x
```

**REPLY MEMORANDUM OF LAW IN SUPPORT OF ADVANCE OCEAN INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM OR,
ALTERNATIVELY, FOR LACK OF PERSONAL JURISDICTION**

JUNGE & MELE, LLP
*Attorneys for Defendant*
*Advance Ocean Inc.*
29 Broadway
New York, NY 10006
(212) 269-0061

Of Counsel,
Armand P. Mele
Peter A. Junge

**ARGUMENT**

**POINT I**

**ADVANCE DID NOT ISSUE A BILL OF LADING AND DID NOT UNDERTAKE RESPONSIBILITY TO TRANSPORT THE CARGO**

The Amended Complaint does not allege that Advance was negligent in either choosing a carrier to transport the cargo or in contributing to the derailment. Rather, Plaintiff bases its claims on Advance's alleged status as an operator "of a railroad doing business as common carriers by rail in interstate commerce." However, Advance indisputably is not a railroad operator.

In opposing this motion to dismiss, Plaintiff now attempts to impose carrier liability upon Advance based upon its status as a NVOCC. However, this argument is without merit because Advance did not issue a bill of lading for the cargo. In fact, Advance's booking confirmation sent to the shipper's freight forwarder explicitly noted that "Nippon Yusen Kaisha," *i.e*. NYK, was the "Carrier." Advance did not hire the rail carrier for the land-based leg of the shipment, nor did it arrange to deliver the cargo to the rail carrier; which was a task performed by the shipper's freight forwarder. *See Declaration of Robert Mohn*. Advance therefore cannot be held liable under 49 U.S.C. 11706.

In *Prima v. Panalpina Inc*., the Second Circuit held that it is the issuance of a bill of lading which imposes liability on a NVOCC: "If anything happens to the goods during

1

the voyage the NVOCC is liable *because of the bill of lading that it issued*." (emphasis supplied). *Prima U.S. Inc. v. Panalpina, Inc.*, 233 F.3d 126, 129 (2d. Cir. 2000). The court further held it would not elevate form over function in determining whether to impose liability upon a transportation intermediary, but would instead makes its determination based upon what the intermediary actually did in connection with the cargo. *Id*. Therefore, even though the freight forwarder in *Prima* expressly stated to the shipper that it would care for and supervise the cargo "door to door," the court would not impose carrier liability where the defendant did not issue a bill of lading and did not consolidate cargo. *Id*.

Here, it is undisputed that Advance did nothing more than arrange for the cargo to be shipped with the ocean carrier. There is no allegation of negligence against Advance for either choosing the carrier or for any other aspect of its involvement with the transaction. Absent an allegation of negligence, Advance cannot be liable. *See Scholastic Inc. v. M/V Kitano*, 362 F.Supp.2d 449 (S.D.N.Y 2005). Plaintiff does not cite a single case where a transportation intermediary which merely arranged for the shipment and did not issue a bill of lading was held liable for cargo damage resulting from a casualty it could not have caused or contributed to in any way. Moreover, Plaintiff does not cite a single case where a NVOCC which did not issue a bill of lading was held liable under 49 U.S.C. §11706.

## POINT II

### ADVANCE IS NOT PRESENT IN NEW YORK

In opposing Advance's motion to dismiss for lack of personal jurisdiction, Plaintiff makes the fundamental error of confusing Advance with other companies. First, Plaintiff asserts that Advance maintains a website at "http://advanceocean.com." This is simply incorrect. The website is related to a company called Advance Ocean Singapore Pte, Ltd ("Singapore"). Singapore is not Advance, does not have an ownership interest in Advance, and no owner of Advance also holds an ownership interest in Singapore. Advance had previously been Singapore's California's agent, but no longer acts in that capacity. The only reason Advance still appears on the website is that it has not been updated. *Reply Declaration of Esther Helen Lee.*

Plaintiff also mistakenly argues that two New York entities with names similar to Advance are, in fact, Advance itself. The only connection that Advance has with either of these two entities is that an owner of Advance at one time held a 20% interest in Advance Ocean (NY) Inc., which is the New York corporation registered in 1999. Moreover, the separateness between Advance and Advance Ocean (NY) Inc. is amply demonstrated by the fact that one is a California corporation and the other is a New York corporation. Id. Plaintiff does not and cannot articulate how Advance could be subject to New York jurisdiction under these circumstances.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the court dismiss the Amended Complaint against Advance with prejudice based upon either, Fed. R. Civ. P. Rule 12(b)(6) or Rule 56, or in the alternative, dismiss the Amended Complaint for lack of personal jurisdiction over Advance pursuant to Fed. R. Civ. P. Rule 12(b)(2).

Dated in the City of New York on February 22, 2008

                                            Respectfully submitted,

                                            JUNGE & MELE, LLP
                                            *Attorneys for Defendant*
                                             *Advance Ocean Inc.*

                                                /s/ Armand P. Mele
                           By_____
                                            Armand P. Mele (AM-7378)
                                            29 Broadway
                                            New York, NY 10006
                                            (212) 269-0061