UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

          Plaintiff,                                      07 CIV 6421 (PAC)(THK)

      - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

          Defendants.
------------------------------------------------------------------X

**REPLY DECLARATION OF ARJAY G. YAO IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO
TRANSFER OF VENUE PURSUANT TO 28. U.S.C. § 1404 (a)**

      **ARJAY G. YAO**, hereby declares, pursuant to 28 U.S.C. § 1746, the following under penalty of perjury:

      1.      I am an attorney admitted to practice before the Courts of the Southern District of New York and an associate of the law firm of Landman Corsi Ballaine & Ford P.C., attorneys for defendants BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY ("BNSF") and NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC. ("NYK Line") and I am familiar with the facts and circumstances herein from my review of the file.

      2.      I submit this Declaration and accompanying Memorandum of Law in Reply to

Plaintiff's Opposition in further support of Defendants BNSF and NYK Line's Motion to Transfer Venue from the Southern District of New York to the Central District of California.

3. In the present case, plaintiff's choice of forum is seriously undermined by the following factors: the statutory provision governing this case mandates transfer to the Central District of California, the BNSF Intermodal Rules and Policies Guide, which governs all transport of goods by BNSF, mandate transfer to the Central District of California, and other than plaintiff's choice of forum, this case has no connection to the Southern District of New York.

4. According to plaintiff's Amended Complaint, plaintiff seeks damages under 49 U.S.C. § 11706. *See* Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit A, ¶ 2. Therefore, this is the statute that governs this matter.

5. The venue provisions in 49 U.S.C. § 11706 clearly state that the proper venue is the forum of the point of destination, which in this case is Los Angeles, California. *See* 49 U.S.C. § 11706 (d)(2)(A)(ii). Moreover, BNSF's Intermodal Rules and Policies Guide, which governs all transport by BNSF, similar states that "[a]ll loss or damage suits filed against BNSF shall be filed in a United States Federal District Court in the location of the shipment's origination or termination on BNSF." *See* Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit E, p. 9, Item 1, p. 74, Item 65(4).

6. The undisputed evidence submitted by both parties clearly demonstrates that the Los Angeles, California was the final destination point of the cargo. As plaintiff's Amended Complaint alleges, the cargo was being transported from Elwood, Illinois to Los Angeles, California. *See* Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer

Venue, Exhibit A, ¶ 4. The booking confirmation submitted by plaintiff is further evidence that the final destination point for the domestic part of the carriage was Los Angeles, California. *See* Declaration of Steven P. Calkins submitted with Plaintiff's Opposition, Exhibit 6.

7. While plaintiff acknowledges the venue provisions set forth in 49 U.S.C. § 11706 (d)(2)(A)(i-iii) (*see* Plaintiff's Memorandum of Law at p. 2), plaintiff fails to address its clear language or the provisions of BNSF's Intermodal Rules and Policies Guide, and instead relies on purported procedural deficiencies.

8. As plaintiff acknowledges (*see* Plaintiff's Memorandum of Law, p. 7), NYK Line pleaded improper venue as an affirmative defense, thereby preserving this issue for review. *See* Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit C, p. 5.

9. Further, contrary to plaintiff's contention, BNSF clearly asserted as its Seventh Affirmative Defense in its Answer that "[p]laintiff has not fully complied with Item 64 and *other provisions of the Burlington Northern Santa Fe Intermodal Rules & Polices Guide.*" *See* Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit B, p. 3 (emphasis added). Thus, the forum provision contained in Item 65(4) is properly asserted and binding on plaintiff.

10. Plaintiff's erroneously claims that BNSF waived the affirmative defense of improper venue. In fact, a review of BNSF's Answer reveals that BNSF asserted the applicability of the terms contained in BNSF's Intermodal Rules and Policies Guide, that Item 65(4) contained therein enumerated the proper venue for claims brought against BNSF, and as such, the Southern District of New York constituted an improper venue. Therefore, NYK Line's proper assertion of improper

venue and BNSF's proper assertion of the applicability of the BNSF Intermodal Rules and Policies Guide give plaintiff the proper notice of improper venue as an affirmative defense.

11. To the extent that this Court determines otherwise, BNSF respectfully moves for leave to amend its answer pursuant to Fed. R. Civ. P. 15 (a) to include improper venue as an affirmative defense. As discovery has not commenced, there is no prejudice to plaintiff.

12. Plaintiff's contention that NYK Line was not a beneficiary of the BNSF Intermodal Rules and Policies Guide is similarly without merit. The agreement entered into between NYK Line and BNSF incorporated the terms of BNSF's Intermodal Rules. Specifically, this agreement provides that "[t]ransportation shall be governed by . . . those set forth in the BNSF Intermodal Rules and Policies Guide or successor publications . . . . [NYK Line] acknowledges that it has received, read and understands BNSF Intermodal Rules and Policies Guide." *See* International Transportation Agreement MA60, attached hereto as **Exhibit A**, ¶ 5. Accordingly, NYK Line was a beneficiary of the BNSF Intermodal Rules and Policies Guide, which governs this case.

13. Even though plaintiff's insured was not a party to the BNSF/NYK Line Agreement, the terms contained therein and the terms of the BNSF Intermodal Rules and Policies Guide incorporated therein, are binding on plaintiff. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 33 (2004); *Great Northern R. Co. v. O'Connor*, 232 U.S. 508 (1914); *Nippon Fire & Marine Ins. Co. v. Skyway Freight Systems, Inc.*, 235 F.3d 53, 60-61 (2d Cir. 2000).

14. Defendants have demonstrated that the interests of justice warrant a transfer to the Central District of California. While plaintiff's opposition focuses on the convenience of the witnesses, a holistic examination reveals that the Central District of California is the proper and most convenient forum for this case.

15. For the foregoing reasons and as set forth more fully in Defendants' February 1, 2008 Memorandum of Law in Support of its Motion to Transfer Venue and accompanying Declaration and Exhibits as well as the accompanying February 22, 2008 Reply Memorandum of Law, Declaration and Exhibit, the interests of justice overwhelming favor the transfer of this action from the Southern District of New York to the Central District of California.

_____
Arjay G. Yao (AY0506)

456865.1 DocsNY                                    -5-

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

That on the 22nd day of February, 2008, deponent served the within **REPLY DECLARATION OF ARJAY G. YAO IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)** upon

> KINGSLEY KINGSLEY & CALKINS
> Attorneys for Plaintiff
> 91 West Cherry Street
> Hicksville, New York 11801
>
> JUNGE & MELE LLP
> Attorneys for Advance Ocean, Inc.
> 29 Broadway - 9th Floor
> New York, New York 10006

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Jelena Brigida

Sworn to before me this
22nd day of February, 2008

_____
Notary

ERIKA C. BROWNE
NOTARY PUBLIC, State of New York
No. 02BR6160682
Qualified in New York County
Commission Expires Feb. 12, 2011