UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

              Plaintiff,                          07 CIV 6421 (PAC)(THK)

     - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

              Defendants.
----------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BNSF AND NYK LINE'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 (a)

### PRELIMINARY STATEMENT

Defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company ("BNSF") and Nippon Yusen Kaisha, NYK Line (North America) Inc. ("NYK Line") respectfully submit this Reply Memorandum of Law in further support of its Motion to Transfer Venue to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404 (a).

Contrary to plaintiff's contentions, the proper venue for this case is the Central District of California based upon the venue provisions of the statute that governs this case, 49 U.S.C. § 11706, and the terms of the BNSF Intermodal Rules and Policies Guide which are binding on plaintiff.

456916.1 DocsNY

Moreover, defendants have clearly shown that a holistic examination of the relevant factors and the interests of justice warrant transfer to the Central District of California.  Accordingly, this Court should grant Defendants' Motion to Transfer Venue.

## ARGUMENT

1.     **The Governing Statute and the BNSF Intermodal Rules and Policies Guide Mandate Transfer to the Central District of California.  Defendants Have Not Waived Their Arguments, but to the Extent that this Court Determines Otherwise, Defendants Respectfully Move for Leave to Amend Their Answer Pursuant to Fed. R. Civ. P. 15(a).**

As plaintiff alleges, plaintiff seeks damages pursuant to 49 U.S.C. § 11706.  *See* Reply Declaration of Arjay G. Yao, ¶ 4; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit A, ¶ 2.  The venue provision contained within this statute clearly states that the proper venue is "in the district in which the point of destination is located." 49 U.S.C. § 11706 (d)(2)(A)(ii).  Here, the uncontroverted evidence demonstrates that the point of destination was Los Angeles, California.  Specifically, plaintiff's Amended Complaint alleges that the cargo was destined for Los Angeles.  *See*  Reply Declaration of Arjay G. Yao, ¶ 6; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit A, ¶ 4. Moreover, the booking confirmation submitted with plaintiff's opposition shows that Los Angeles was the destination point. *See* Declaration of Steven P. Calkins submitted with Plaintiff's Opposition, Exhibit 6.  Other than purported procedural claims, plaintiff has neither advanced any substantive argument nor submitted any evidence to contravene defendants' showing that the merits of 49 U.S.C. § 11706's venue provisions dictate that the Central District of California is the proper venue for this case. Accordingly, this Court should grant defendants' motion.

Furthermore, the BNSF Intermodal Rules and Policies Guide governs all transportation by

BNSF. *See* Reply Declaration of Arjay G. Yao, ¶ 5; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit E, p. 9. Similar to the venue provisions of 49 U.S.C. § 11706, these intermodal rules contain a specific forum selection clause which states that "[a]ll loss or damage suits filed against BNSF shall be filed in a United States Federal District Court in the location of the shipment's origination or termination on BNSF. *See* Reply Declaration of Arjay G. Yao, ¶ 5; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit E, p. 74, Item 65(4). Thus, the BNSF Intermodal Rules and Policies Guide also mandates that this case be transferred to the Central District of California.

Plaintiff's opposition chooses to ignore the substantive venue provisions of 49 U.S.C. § 11706 and the BNSF Intermodal Rules and Policies Guide, and instead relies on purported procedural defects. However, plaintiff's procedural arguments are without merit. Plaintiff acknowledges that NYK Line pleaded improper venue as an affirmative defense, thereby preserving this issue for review. *See* Plaintiff's Memorandum of Law, p. 7; Reply Declaration of Arjay G. Yao, ¶ 8; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit C, p. 5.

Moreover, BNSF properly asserted improper venue as an affirmative defense. Contrary to plaintiff's claim, BNSF's Seventh Affirmative Defense clearly states that "[p]laintiff has not fully complied with Item 64 and *other provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide*." *See* Reply Declaration of Arjay G. Yao, ¶ 9; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion to Transfer Venue, Exhibit B, p. 3 (emphasis added). A simple review of BNSF's Answer demonstrates that BNSF did assert the

applicability of BNSF's Intermodal Rules and Policies Guide as an affirmative defense and that Item

65(4) contained therein provided that the destination point is the proper forum for claims brought

against BNSF. Accordingly, Item 65(4) put plaintiff on notice that the Southern District of New York

is an improper venue. When viewing NYK Line's conceded assertion of improper venue with

BNSF's assertion of the applicability of the BNSF Intermodal Rules and Policies Guide, it is evident

that defendants' improper venue arguments have not been waived.

    To the extent that this Court determines that BNSF failed to plead improper venue as an

affirmative defense, BNSF respectfully moves for leave to amend its Answer to plead improper

venue as an affirmative defense. After 20 days of a responsive pleading being served, "a party may

amend its pleading only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[A]bsent countervailing

factors such as bad faith, dilatory motive, or prejudice to the opposing party, leave to amend should

ordinarily be given." *Centennial Ins. Co. v. Burlington Air Express*, 1998 U.S. Dist. LEXIS 8910,

n.2 (S.D.N.Y. 1998), citing *Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234-235 (2d

Cir. 1995). Here, any purported failure to plead improper venue was not grounded in bad faith or

dilatory motive. Moreover, as discovery has not yet commenced, plaintiff suffers no prejudice in

any purported delay by BNSF in seeking leave to amend its Answer. Accordingly, to the extent that

this Court determines that BNSF failed to plead improper venue, BNSF respectfully moves for leave

to amend its Answer pursuant to Rule 15(a).

    Plaintiff also erroneously argues that the terms of the BNSF Intermodal Rules and Policies

Guide are not enforceable against plaintiff and that NYK Line was not a beneficiary of those terms.

*See* Plaintiff's Memorandum of Law, pp. 6-7. An intermediary can bind a cargo owner to the

contractual terms that are negotiated between the intermediary and downstream carriers. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 33 (2004) (cargo owner bound by limitations of liability agreed upon between intermediary and carrier); *see also Great Northern R. Co. v. O'Connor*, 232 U.S. 508 (1914); *Nippon Fire & Marine Ins. Co. v. Skyway Freight Systems, Inc.*, 235 F.3d 53, 60-61 (2d Cir. 2000). Here, the agreement between NYK Line (i.e. the intermediary) and BNSF (i.e. the carrier) specifically incorporates the terms of the BNSF Intermodal Rules and Policies Guide into the agreement. *See* International Transportation Agreement MA60, attached to Reply Declaration of Arjay G. Yao, **Exhibit A, ¶** 5. As in *Kirby*, these terms are binding on plaintiff. Consequently, plaintiff erroneously argues that the BNSF Intermodal Rules and Polices Guide are not enforceable against it.

Plaintiff's reliance on *Sompo Japan Ins. Co. v. Union Pacific R. Co.* (2007 AMC 2218 [S.D.N.Y. 2007]) is misplaced. *See* Plaintiff's Memorandum of Law, pp. 6-7. There, the Court held that the terms of liability agreed upon by the downstream carriers were not binding on the cargo owner because of lack of notice due to mergers between rail companies, cancelled or replaced notices, and incorrect references to contractual terms. *See Sompo*, 2007 AMC at 2223. Here, there is no "chain of inferences and documents" as noted by the *Sompo* Court. *Id*. at 2224. Rather, the paragraph in the BNSF/NYK Line agreement incorporating the BNSF Intermodal Rules and Policies Guide is very clear and concise. *See* International Transportation Agreement MA60, attached to Reply Declaration of Arjay G. Yao, **Exhibit A, ¶** 5. Also, the applicable provision of the BNSF Intermodal Rules and Policies Guide clearly and concisely delineates that the proper forum for claims against BNSF is in the forum of the destination point. *See* Reply Declaration of Arjay G. Yao, **¶** 5; Declaration of Arjay G. Yao submitted with Defendants BNSF and NYK Line's Motion

to Transfer Venue, Exhibit E, p. 74, Item 65(4). As a result, *Sompo* does not apply to this case.

### 2. A Holistic Examination of the Convenience Factors Favors Transfer to the Central District of California.

Plaintiff erroneously contends that defendants' reasons for transfer are at best "equipoise" to plaintiff's reasons of convenience for this action remaining in the Southern District of New York. *See* Plaintiff's Memorandum of Law, p. 12. Even assuming *arguendo* that transfer to the Central District of California merely shifts the inconvenience to plaintiff, thereby rendering this factor neutral as plaintiff contends (*see* Plaintiff's Memorandum of Law, p. 9), defendants have demonstrated that the interests of justice overwhelmingly favors transfer of this action.

As previously discussed, the forum selection provision of Item 65(4) in BNSF's Intermodal Rules and Policies Guide is binding upon plaintiff. A court must examine the convenience factors "against the backdrop of the Second Circuit's 'strong policy' of enforcing forum selection agreements." *TSR Silicon Res., Inc. v. Broadway Com Corp.*, 2007 U.S. Dist. LEXIS 92121, *15 (S.D.N.Y. 2007), citing *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1279 (S.D.N.Y. 1992). "So long as the forum selection clause is reasonably communicated, not obtained through fraud or overreaching, and not unreasonable or unjust . . . the party resisting enforcement is required to demonstrate exceptional facts justifying relief from its contractual duty." *TSR*, 2007 U.S. Dist. LEXIS 92121 at *15 (citation omitted). Here, plaintiff has not claimed any fraud or overreaching. Additionally, plaintiff should not be able to abscond from the binding forum provisions by claiming convenience of its witnesses or that the balance of factors are "equipoise." *See TSR*, 2007 U.S. Dist. LEXIS 92121 at *17 ("With five of the seven 1404(a) factors . . . in equipoise . . . we see no reason to relieve TSR of its obligations under the forum selection clause.").

Consequently, this Court should enforce the forum provision in BNSF's Intermodal Rules and Polices Guide and transfer this action to the Central District of California.

While plaintiff's opposition focuses on the convenience of its witnesses and the ease of moving business records (*see* Plaintiff's Memorandum of Law, p. 11), a court must balance a myriad of factors in a non-mechanical or non-formulaic manner. *See Schultze v. DaimlerChrysler Corp.*, 2006 U.S. Dist. LEXIS 85273, *4-5 (S.D.N.Y. Nov. 14, 2006). As set forth in Defendants' February 1, 2008 Memorandum of Law, defendants have clearly demonstrated that an examination of the convenience factors mandates transfer of this case from the Southern District of New York to the Central District of California. The Central District of California is closer to BNSF's Fort Worth, Texas headquarters and NYK Line's Tokyo, Japan headquarters. *See* Defendants' February 1, 2008 Memorandum of Law, p. 7. Further, the operative facts giving rise to this claim did not occur in New York. *See* Defendants' February 1, 2008 Memorandum of Law, p. 8. As such, plaintiff's choice in forum is given less deference when the operative facts did not occur in the plaintiff's choice in forum. *See Hall v. Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000). In addition, as previously mentioned, this is a case governed by federal law, and there would be no difficulty of another federal court trying to familiarize itself with local law. Accordingly, a holistic examination clearly shows that transfer to the Central District of California is clearly warranted. *See Schultze*, 2006 U.S. Dist. LEXIS 85273 at *4.

**CONCLUSION**

In sum, there is simply no way this action, which has no connection to New York, should be litigated in the Southern District of New York. For the foregoing reasons, the governing statute, the contractual terms, and the interests of justice overwhelmingly warrant a transfer of

this case to the Central District of California.  Accordingly, this Court should grant Defendants'

Motion to Transfer Venue to the Central District of California, together with such other and

further relief as the Court deems proper and necessary.

Dated: New York, New York
       February 22, 2008

                              Respectfully submitted,

                              LANDMAN CORSI BALLAINE & FORD P.C.


                              By: _____
                                  Ronald E. Joseph (RJ 9302)
                                  Arjay G. Yao (AY 0506)
                                  Attorneys for Defendants BNSF and
                                  NYK Line
                                  120 Broadway, 27th Floor
                                  New York, New York  10271-0079
                                  (212) 238-4800


TO:   KINGSLEY KINGSLEY & CALKINS
      Attorneys for Plaintiff
      91 West Cherry Street
      Hicksville, New York 11801

      JUNGE & MELE LLP
      Attorneys for Advance Ocean, Inc.
      29 Broadway - 9th Floor
      New York, New York 10006

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

    That on the 22nd day of February, 2008, deponent served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' BNSF AND NYK LINE'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** upon

                KINGSLEY KINGSLEY & CALKINS
                Attorneys for Plaintiff
                91 West Cherry Street
                Hicksville, New York 11801

                JUNGE & MELE LLP
                Attorneys for Advance Ocean, Inc.
                29 Broadway - 9th Floor
                New York, New York 10006

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                    _____
                                      Jelena Brigida

Sworn to before me this
22nd day of February, 2008

Notary

ERIKA C. BROWNE
NOTARY PUBLIC, State of New York
No. 02BR6160682
Qualified in New York County
Commission Expires Feb. 12, 2011